United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEHRING CAPITAL LLC,
Plaintiff,

v.

STAK CORP.,
Defendant.

Case No. 25-cv-09016-JST

**ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING PLAINTIFF'S MOTION TO EXTEND TIME**

Re: ECF Nos. 57, 58.

Before the Court is Defendant Stak Corp.'s motion for a temporary restraining order ("TRO") and Defendant Behring Capital LLC's motion to extend time to oppose Stak's motion for a preliminary injunction. ECF No. 57–58. For the reasons set forth below, the Court denies Stak's motion for a temporary restraining order, ECF No. 58, and grants Behring's motion to extend time, ECF No. 57.

**I. MOTION FOR TEMPORARY RESTRAINING ORDER**

In this trademark action, each of the parties owns registered trademarks incorporating the word "STAK." ECF No. 1 ¶ 1. Plaintiff Behring seeks a declaration that it "owns valid and subsisting rights in its STAK Registered Marks . . . , [and that] there is no likelihood of confusion between Plaintiff's and Defendant's respective marks because, *inter alia*, the parties operate in distinct industries, offer dissimilar goods and services and target different customer bases." *Id.* ¶ 2. It filed its complaint on October 20, 2025. *Id.*

On September 29, 2026, Stak moved for a preliminary injunction—but not a TRO—seeking to enjoin Behring from "offering, advertising, or marketing, vehicle sharing or fleet management, parking and parking management services, reservations, vehicle access or storage, vehicle mobility, curbside or transportation services, electric-vehicle charging, and the

United States District Court
Northern District of California

applications, websites, platforms, interfaces, analytics, and support services relating thereto . . . in connection with the word STAK." ECF No. 51 at 2. It claims that Behring has been offering parking and vehicle charging services under the STAK mark, resulting in consumer confusion and infringing on Stak's marks. *Id.* at 13. The focus of Stak's concern is Behring's 1901 Franklin Street garage ("the garage"), which Behring describes as a "modern mobility hub" and a "key piece of the STAK ecosystem," and "promotes [as offering] 635 parking spaces and on-site premium EV-charging." *Id.*

Behring began to house its STAK GO fleet of vehicles in the garage on or about October 16, 2024. ECF No. 64-1 ¶ 6. The garage also offered public parking at this time. *Id.* Stak became aware of Behring's use of the STAK mark in connection with the garage on October 20, 2024, when a resident in a STAK-branded apartment building contacted Stak regarding Behring's mobile parking application. ECF No. 52-3 at 2. Nevertheless, Stak argues that it did not learn that public parking was offered at the garage until August 2026.[1] ECF No. 58 at 6.

Stak did not seek a TRO until the original hearing date of November 5, 2026, had been vacated and the hearing was rescheduled for January 14, 2027. ECF Nos. 54–55. Stak filed its motion for a TRO on October 5, 2026. ECF No. 58.

"A plaintiff's delay in seeking relief weighs against granting a TRO or preliminary injunction." *Perez v. City of Petaluma*, No. 21-cv-06190, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021); *see also Devasahayam v. DMB Cap. Grp.*, No. 3:17-cv-02095, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017) (holding that one month delay was "reason enough to deny a TRO"); *Dahl v. Swift Distrib., Inc.*, No. 10-cv-00551, 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (concluding that an 18-day delay "implies a lack of urgency and irreparable harm"). Plaintiff does not address its month-long delay in seeking a TRO. Nor does Plaintiff explain how waiting until the January 14, 2027 hearing date to obtain relief constitutes an emergency when waiting until the November 5, 2026 hearing date—two months after Stak learned of public parking

[1] Specifically, Stak argues that that Behring's counsel affirmatively claimed that public parking was not available at the garage during a May 19, 2026 hearing. ECF No. 58 at 6. However, Behring's counsel stated that Behring's "car leasing" services were "only available to residents," not that *parking* was only available to residents. ECF No. 53-4 at 14.

United States District Court
Northern District of California

at the garage—did not. Accordingly, Stak's motion for a temporary restraining order is denied without prejudice to the issuance of a preliminary injunction.

## II. MOTION TO EXTEND TIME

Federal Rule of Civil Procedure 6(b)(1)(A) provides that the court may, for good cause, extend a deadline when the request is made before the original time expires. "Good cause is a non-rigorous standard," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation modified).

Stak argues that Behring's requested extension would prejudice Stak because the court should grant Stak's motion for a TRO or else decide Stak's motion on the papers once briefing is completed as scheduled. ECF No. 66 at 2. Because Stak's motion for a TRO is denied and the hearing on Stak's motion for preliminary injunction will remain scheduled for January 14, 2027, Stak has not shown prejudice. Good cause being shown, Behring's motion for an extension of time to oppose Stak's motion for preliminary injunction is granted.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

The Court denies Stak's motion for temporary restraining order. ECF No. 58. The hearing on Stak's motion for preliminary injunction remains set for January 14, 2027, at 2:00 p.m. by videoconference.

The Court grants Behring's motion for an extension of time to oppose Stak's motion for preliminary injunction. ECF No. 57. Behring's opposition to Stak's motion for preliminary injunction shall be due on November 30, 2026, and Stak's reply brief shall be due on December 7, 2026. All dates not expressly modified by this order remain unchanged.

**IT IS SO ORDERED.**

Dated: October 13, 2026



JON S. TIGAR
United States District Judge